UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | CRIMINAL NO. 17-10198-S1-FDS |
| ) | |
| SCOTT J. WOLAS, ) | VIOLATIONS: |
| a/k/a E.J.G., ) | 18 U.S.C. § 1343 (Wire Fraud) |
| a/k/a D.P., ) | |
| a/k/a F.A., ) | 18 U.S.C. § 1028A (Aggravated Identity Theft) |
| a/k/a E.A., ) | |
| a/k/a C.S., ) | 42 U.S.C. § 408(a)(7)(B) (Misuse of Social |
| Defendant. ) | Security Number) |
| ) | |
| ) | 26 U.S.C. § 7201 (Tax Evasion) |
| ) | |
| ) | Criminal Forfeiture: |
| ) | 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) |

SUPERSEDING INFORMATION

The United States Attorney charges that:

Introduction

At all times relevant to this Superseding Information:

1. Defendant SCOTT J. WOLAS was a resident of Quincy, Massachusetts, who, beginning no later than December 30, 2008, held himself out to the public as, and used the name and identity of, E.J.G. As E.J.G., WOLAS owned and operated a real estate business called Increasing Fortune, Inc.

2. E.J.G. was a resident of Florida and was known to WOLAS. E.J.G. was born on xx-xx-1944 and assigned Social Security number xxx-xx-0126.

3. WOLAS also worked as a licensed real estate agent for Century 21 Annex Realty in Quincy, Massachusetts, using E.J.G.'s identity.

4. On or about December 23, 2009, WOLAS opened a business bank account for Increasing Fortune at the then Sovereign Bank, which later became Santander Bank, account ending in -6304. WOLAS opened the account using E.J.G.'s name, date of birth, and Social

Security number. WOLAS also provided a Massachusetts identification card, number S58473784, which was obtained using the same identifiers. WOLAS, as E.J.G., was the sole authorized signatory on this account.

5. Individuals identified herein as Investors 1, 2, 3, 4, 5, 6, and 7 are known to the United States Attorney.

## Fraud Scheme

6. From in or about June 2014 through September 2016, WOLAS, holding himself out as E.J.G., engaged in a scheme to defraud and to obtain money and property from various individuals by soliciting investments in two purported real estate development projects that WOLAS was orchestrating in Quincy, that is, for the construction of a single family house at 833 Quincy Shore Drive and for the development of a commercial property located next door at 797 Quincy Shore Drive, that was formerly occupied by the Beachcomber Bar (hereafter "the Beachcomber property").

7. As part of the scheme, WOLAS entered into contracts with each of the investors in which WOLAS pledged to pay back the investor's principal investment plus interest and/or a share of the profits realized once he sold the property.

8. In the contracts related to 833 Quincy Shore Drive, WOLAS falsely promised at least 10 investors that they would each receive their principal investment amount plus a percentage of profits realized from the sale of the property, ranging from 7 to 30 percent. In doing so, WOLAS promised to pay out at least 125 percent of the profits earned from the sale of 833 Quincy Shore Drive.

9. Through written and/or verbal representations, WOLAS also promised the investors that their money would be used solely for construction and other expenses related to developing the properties.

10. In total, WOLAS collected approximately $1.7 million from approximately 20 investors, which he deposited, or caused to be deposited, into his Santander Bank account ending in -6034.

11. Instead of using the investor funds as he had promised, WOLAS used most of the funds on personal and other expenses unrelated to the development of the projects.

12. Based on what WOLAS told them, and what their contracts provided, investors believed that WOLAS would finish construction of the single-family house at 833 Quincy Shore Drive by the end of summer 2016, and that they would receive their investment returns around that time.

13. By early September 2016, however, 833 Quincy Shore Drive was not complete. Additionally, after numerous extensions, WOLAS was scheduled to finally close on the purchase of the Beachcomber property on September 15, 2016, but WOLAS needed more than $1 million at closing in order to acquire the Beachcomber property.

14. On or about September 8, 2016, WOLAS left his Quincy home for a purported business trip to raise additional funds for the development projects. WOLAS did not return home, ceased all contact with his investors, and drained the Santander Bank account ending in -6304 of all funds.

## Counts One through Seven
### (Wire Fraud - 18 U.S.C. § 1343; Aiding and Abetting - 18 U.S.C. § 2)

15. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 14 of this Superseding Information and further charges that:

16. On or about the dates set forth below, in the District of Massachusetts and elsewhere,

SCOTT J. WOLAS,
a/k/a E.J.G.,
a/k/a D.P.,
a/k/a F.A.,
a/k/a E.A.,
a/k/a C.S.,

the defendant herein, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, which included wire transfers, electronic funds transfers, check processing communications, associated on-line inquiries and other communications regarding the transfer and deposit of funds from investors to Santander Bank account ending in -6034, for the purpose of executing such scheme, as set forth below:

| Count | Date | Wire Communication |
|---|---|---|
| 1 | 7/28/15 | Processing of $48,000 check no. 0997 from Investors 1 and 2 |
| 2 | 7/28/15 | Processing of $2,000 check no. 1115 from Investor 1 |
| 3 | 9/24/15 | Processing of $50,000 check no. 999993 from Investor 3 |
| 4 | 12/29/15 | Processing of $125,000 check no. 1899 from Investor 4 |
| 5 | 1/20/16 | Processing of $50,000 check no. 3633 from Investor 5 |

| Count | Date   | Wire Communication                                                                 |
|-------|--------|-------------------------------------------------------------------------------------|
| 6     | 3/8/16 | Processing of $20,000 check no. 1203 from Investor 6                                |
| 7     | 8/2/16 | Wire transfer of $98,000 from Investor 7 Central Bank account ending in -5145       |

All in violation of Title18, United States Code, Sections 1343 and 2.

## Count Eight
### (Aggravated Identity Theft-18 U.S.C. §§ 1028A(a)(1) and (c)(5))

17. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 16 of this Superseding Information and further charges that:

18. Between in or about June 2014 and in or about September 2016, in the District of Massachusetts and elsewhere,

SCOTT J. WOLAS,
a/k/a E.J.G.,
a/k/a D.P.,
a/k/a F.A.,
a/k/a E.A.,
a/k/a C.S.,

the defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and Social Security number of E.J.G., during and in relation to the commission of wire fraud, in violation of 18 U.S.C. § 1343.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 1028A(c)(5).

## Count Nine
### (Misuse of Social Security Number - 42 U.S.C. § 408(a)(7)(B))

19.    The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 4 of this Superseding Information and further charges that:

20.    On or about November 12, 2010, in the District of Massachusetts,

SCOTT J. WOLAS,
a/k/a E.J.G.,
a/k/a D.P.,
a/k/a F.A.,
a/k/a E.A.,
a/k/a C.S.,

the defendant herein, for the purpose of obtaining, for himself and any other person, any payment and any other benefit to which he (and such other person) was not entitled, to wit: Social Security and Medicare benefits, did, with intent to deceive, falsely represent a number to be the Social Security account number assigned by the Commissioner of Social Security to him, when in fact, such number was not the Social Security account number assigned by the Commissioner of Social Security to him.

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## Count Ten
### (Tax Evasion-26 U.S.C. § 7201)

21. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 14 of this Superseding Information and further charges that:

22. During the calendar year 2015, in the District of Massachusetts and elsewhere,

SCOTT J. WOLAS,
a/k/a E.J.G.,
a/k/a D.P.,
a/k/a F.A.,
a/k/a E.A.,
a/k/a C.S.,

the defendant herein, a resident of Quincy, Massachusetts, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2016, as required by law, to any proper officer of the Internal Revenue Service ("IRS"), and to pay the income tax to the IRS, WOLAS did willfully attempt in any manner to evade and defeat the assessment of the income tax due and owing by him to the United States of America for calendar year 2015 by, among other things: using the name and social security number of E.J.G. to create and to operate Defendant's business, Increasing Fortune, Inc., in an effort to conceal himself from scrutiny by the IRS.

All in violation of Title 26, United States Code, Section 7201.

## WIRE FRAUD CRIMINAL FORFEITURE
## (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

The United States Attorney further charges that:

23.    Upon conviction of one or more of the offenses charged in Counts 1 through 7,

SCOTT J. WOLAS,
a/k/a E.J.G.,
a/k/a D.P.,
a/k/a F.A.,
a/k/a E.A.,
a/k/a C.S.,

the defendant herein, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses.

24.    If any of the property described in paragraph 23 above, as a result of any act or omission by the defendant

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 23 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                              Respectfully submitted,

                              ANDREW E. LELLING
                              United States Attorney

By:    /s/ Sandra S. Bower
                              SANDRA S. BOWER
                              Assistant U.S. Attorney
                              John Joseph Moakley U.S. Courthouse
                              1 Courthouse Way, Suite 9200
                              Boston, MA 02210
                              (617) 748-3184