UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 17-10198-FDS |
| | ) |
| SCOTT J. WOLAS, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SAYLOR, D.J.**

WHEREAS, on June 28, 2018, the United States Attorney for the District of Massachusetts filed a ten-count Superseding Information, charging defendant Scott J. Wolas, a/k/a E.J.G., D.P., F.A., E.A. and C.S., (the "Defendant"), with Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Seven), Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(5) (Count Eight), Misuse of Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B) (Count Nine), and Tax Evasion, in violation of 26 U.S.C. § 7201 (Count Ten);

WHEREAS, the Superseding Information also included a Wire Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Seven of the Superseding Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses;

WHEREAS, the Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on June 29, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Ten of the Superseding Information, pursuant to a written plea agreement that he signed on June 12, 2018;

WHEREAS, in Section Nine of the plea agreement, the Defendant agreed to forfeit to the United States $1,787,813 in United States currency on the grounds that such amount constitutes, or is derived from, proceeds the Defendant obtained (directly or indirectly) from the commission of the offenses as a result of his guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on June 29, 2018, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,787,813 in United States currency, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461 (c);

WHEREAS, the amount of $1,787,813 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461 (c); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $1,787,813 in United States currency, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461 (c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ F. Dennis Saylor, IV<br>
**F. DENNIS SAYLOR IV**<br>
United States District Judge

Dated: 11/05/2018