UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SCOTT J. WOLAS, )<br>)<br>Defendant. ) | Criminal No. 17-10198-FDS |

# **PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS**

**Saylor, D.J.**

WHEREAS, on June 28, 2018, the United States Attorney for the District of Massachusetts filed a ten-count Superseding Information, charging defendant Scott J. Wolas, a/k/a E.J.G., D.P., F.A., E.A. and C.S., (the "Defendant"), with Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Seven), Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(5) (Count Eight), Misuse of Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B) (Count Nine), and Tax Evasion, in violation of 26 U.S.C. § 7201 (Count Ten);

WHEREAS, the Superseding Information also included a Wire Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Seven of the Superseding Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses;

WHEREAS, the Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with,

a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on June 29, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Ten of the Superseding Information, pursuant to a written plea agreement that he signed on June 12, 2018;

WHEREAS, in Section Nine of the plea agreement, the Defendant agreed to forfeit to the United States $1,787,813 in United States currency on the grounds that such amount constitutes, or is derived from, proceeds the Defendant obtained (directly or indirectly) from the commission of the offenses as a result of his guilty plea;

WHEREAS, in Section Nine of the plea agreement, the Defendant further agreed that $1,787,813 in proceeds obtained from the crimes to which he pled guilty has been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty;

WHEREAS, in Section Nine of the plea agreement, the Defendant agreed that the United States is entitled to forfeit as substitute assets any other assets of the Defendant;

WHEREAS, the United States seeks to forfeit the following property to partially satisfy the forfeiture money judgment:

a. Up to $1,787,813 in United States currency in the Defendant's retirement account, held by Hunton Andrews Kurth LLP Retirement Savings Plan A, and currently restrained by virtue of a Temporary Restraining Order entered by the Honorable Senior United States District Judge Rya W. Zobel, in Civil Action 17-11032 (the "Property");

WHEREAS, pursuant to the Order of Forfeiture (Money Judgment), to which the Defendant agreed to in his Plea Agreement, and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for Substitute Assets against the Property; and

WHEREAS, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, such Preliminary Order of Forfeiture for Substitute Assets of Money Judgment should authorize the United States Marshals Service to seize and to maintain the Property in its secure custody and control.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interest in the Property is hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, subject to dismissal of Civil Action 17-11032-RWZ, or further Order of that Court, the United States is hereby authorized to seize the Property and maintain it in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order

of Forfeiture and notice of the United States' intent to dispose of the Property.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Property and shall credit the Order of Forfeiture (Money Judgment) accordingly.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture for Substitute Assets will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ F. Dennis Saylor , IV
**F. DENNIS SAYLOR IV**
United States District Judge

Dated: 11/05/2018